PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2003 Hyundai Elantra struck a piece of asphalt on W.Va. Route 2 in Wheeling, Ohio County. W.Va. Route 2 is a public road maintained by respondent. The Court is of the opinion to malee an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:45 a.m. on *50 December 10, 2007. W.Va. Route 2 is a paved, three-lane road with a speed limit of fifty-five miles per hour. Claimant testified that she was driving at approximately fifty miles per hour in the center lane, approximately 300 feet from the 1-70 entrance ramp, when her vehicle struck a piece of asphalt on the road. She stated that the piece of asphalt was approximately twelve inches long, twelve inches wide, and between five to six inches thick. Claimant testified that there was a hole at this location, and the piece of asphalt was lying beside the hole. Since there was a vehicle traveling in front of her, she did not notice the hazard until the driver of the vehicle swerved to avoid it. Claimant maneuvered her vehicle over to avoid the object, but the object caught the corner of her vehicle’s passenger side front and rear tire. Although claimant travels this road to work five days a week, she had never seen a piece of asphalt lying on the road prior to this occasion. As a result of this incident, claimant’s vehicle sustained damage in the amount of $496.76.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 2. Terry Kuntz, Interstate Supervisor for respondent in Ohio County, stated that W.Va. Route 2 is a heavily traveled, second priority road. He testified that he received a telephone call from Wheeling Tunnel between 8:00 a.m. and 9:00 a.m. on the date of the incident notifying him of the loose piece of asphalt on the highway. Approximately twenty-five minutes to one half hour later, respondent’s crew removed the piece of asphalt and patched the hole at this location. Prior to December 10, 2007, respondent did not have notice of the loose piece of asphalt in this area. Respondent stipulates that claimant’s vehicle sustained damage in the amount of $496.76.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the loose piece of asphalt which claimant’s vehicle struck. The Court finds that the defect presented a hazard to the traveling public on this heavily traveled road. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $496.76.
Award of $496.76.